Dear Mr. Lee:
You have requested an opinion of this office regarding whether the Claiborne Parish School Board ("Board") may approve a request by a church to rent the auditorium of a Claiborne Parish school to hold worship services once a week from 5:00-7:30 p.m.
Our office has previously opined that public bodies could contract for the non-exclusive use of public owned property to a religious organization. In La. Atty. Gen. Op. No. 02-0363, this office opined that the Caldwell Parish School Board may allow a religious organization to rent a stadium in accordance with the Board's rental policy when the stadium was not being used for a school related activity. The opinion stated that "because the facility is not for the exclusive use of any one person or entity, the arrangement . . . is not a lease as that term is used in La.R.S. 33:4712.6." Similarly, La. Atty. Gen. Op. No. 00-340 concluded that the City of Covington may contract for the non-exclusive use of city owned property to a church for Wednesday and Sunday church services. The opinion recommended that "the city adopt a standard rental agreement and fee schedule to be applied uniformly to all applicants who wished to use the facility" and that "the city not deny anyone the use of the facility because of his or her religious affiliation." A copy of each opinion is attached for your review. *Page 2 
Please be aware that by allowing outside entities to use school facilities during non-school hours, the school board may be creating a limited public forum, which affects the extent to which the school board can limit access to its facilities under the First Amendment.[1]
Allowing a religious organization to use its facilities, thereby creating a limited public forum, means the school board must allow other organizations that may have different viewpoints to use its facilities as well. As long as the forum remains open, the restrictions on the types of speech and the groups of speakers allowed to use the forum cannot "discriminate against speech on the basis of viewpoint" and must be "reasonable in light of the purpose served by the forum."[2]
In conclusion, it is the opinion of this office that the Claiborne Parish School Board may rent the auditorium of a Claiborne Parish school to a church to hold worship services once a week when the auditorium is not being used for school related purposes. The Board must ensure that it receives from the church a value or benefit that is commensurate with the use of the building.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
Attorney General
BY: __________________________
Lindsey K. Hunter
Assistant Attorney General
JDC/LKH/chb
[1] To provide a framework to assess the constitutionality of restrictions placed upon expression on government-controlled property, the Supreme Court uses the "public forum doctrine." Perry Educ. Ass'n.v. Perry Local Educators' Ass'n., 460 U.S. 37 (1983). For a thorough discussion of the public forum doctrine as it relates to public schools, see Brian S. Black, The Public School: Beyond the Fringes of Public ForumAnalysis, 36 Vill. L. Rev. 831 (1991).
[2] Chiu v. Plano Independent School Dist., 260 F.3d 330 (5th Cir. 2001), appeal after remand, 339 F.3d 273 (5th Cir. 2003), cert.dismissed, 540 U.S. 1071 (2003) (quoting the Supreme Court in Good NewsClub v. Milford Central School, 533 U.S. 98, 121 S. Ct. 2093, 2100
(2001)).